# EXHIBIT H



# City of Harrisonburg

City Hall
409 South Main Street
Harrisonburg, VA 22801

## Meeting Minutes - Final

## Planning Commission

| Thursday, October 30, 2025 | 6:00 PM | Council Chambers |
|---|---|---|

## 1.    Call To Order

The Harrisonburg Planning Commission held a special meeting on Thursday October 30, 2025, at 6:00 p.m. in the City Council Chambers, 409 South Main Street.

## 2.    Roll Call/Determination of Quorum

Members present: Richard Baugh, Chair; Shannon Porter, Vice Chair; Councilmember Laura Dent; Rob Jezior and Randy Seitz. Heja Alsindi and KC Kettler were absent. Also present: Thanh Dang, Deputy Director of Community Development; Nyrma Soffel, Planner.

**Present**   5 -   Richard Baugh, City Council Representative Laura Dent, Shannon Porter , Randall Seitz, and Stanley Jezior

**Absent**   2 -   Heja Alsindi, and Kenneth Kettler

## 3.    New Business

**3.a.**    Consider initiating Zoning Ordinance amendments related to Inpatient Substance Use Disorder Treatment Facilities, Hospitals, and Other Related Terms

Chair Baugh read the request and asked staff to review.

On October 8, 2025, Planning Commission held a public hearing to consider Zoning Ordinance (ZO) amendments associated with inpatient substance use disorder treatment facilities, hospitals, and other related terms. Planning Commission recommended approval (6-0) of the ZO amendments. The staff report and recommended amendments is available here: <https://harrisonburg-va.legistar.com/LegislationDetail.aspx?ID=7688578&GUID=31401E15-FE18-44A3-9FCD-2370ADD9DE64&Options=&Search=> .

Within the October 8 staff report, it was explained that a building permit application had been filed for an inpatient substance use disorder facility on property zoned R-3. Because the use is currently allowed by right, the applicant may gain vested rights to operate, making the facility a lawful nonconforming use if the ordinance amendment was adopted. Remember that a nonconforming use may continue to operate, but any future expansion of the facility would require a special use permit.

On October 13, 2025, an attorney representing the aforementioned property owner sent a letter to city staff describing that the City failed to follow necessary procedural requirements in accordance with § 15.2-2286(A)(7) of the Code of Virginia**,** which requires, among other things, that ZO amendments and rezonings: "*be initiated (i) by resolution of the governing body; (ii) by motion of the local planning commission; or (iii) by petition of the owner, contract purchaser with the owner's written consent, or the owner's agent therefor, of the property which is the subject of the proposed zoning map amendment.*"

The proposed ZO amendment related to inpatient substance use disorder facilities was not initiated by any of the aforementioned methods but was initiated by city staff because staff was previously unaware of the requirement described in § 15.2-2286(A)(7). Now that staff is aware, staff is bringing a request to Planning Commission to direct staff to initiate consideration of a ZO amendment to amend provisions of the ordinance related to inpatient substance use disorder treatment facilities, hospitals, and other related terms.

Should Planning Commission agree to direct staff to initiate consideration of a ZO amendment, then the following motion may be stated:

> *I move that the Planning Commission initiate consideration of a zoning ordinance amendment to the City of Harrisonburg Zoning Ordinance to amend provisions relating to inpatient substance use disorder treatment facilities, hospitals, and other related terms.*

> *The Planning Commission finds that such amendment is required by the public necessity, convenience, general welfare, and good zoning practice, and hereby directs staff to prepare a draft ordinance for public hearing and recommendation in accordance with § 15.2-2286 of the Code of Virginia.*

Following this motion, staff will prepare for a public hearing at the Planning Commission's November 13, 2025, meeting.

With regard to past ZO amendments, which have been approved by City Council, the City Attorney's Office has advised that the 30-day appeal period for those ZO amendments, which is described in § 15.2-2285(F) of the Code of Virginia has already expired and therefore do not require any procedural corrections.

Commissioner Seitz said what is the likelihood, when the amendment comes back, that there will be public opposition to it?

Ms. Dang said I do not know. We will advertise it for the public. Now that it has had two times before Planning Commission, maybe more people would have heard about it. Perhaps that property owner may come to the public hearing, and we could hear from them.

Planning Commission                    Meeting Minutes - Final                    October 30, 2025

Councilmember Dent said I am just wondering about what this means procedurally going forward. It seems like we get stuck in a loop. Staff brings us a recommendation to ask staff to do an ordinance, and it takes two months to get through Planning Commission.

Ms. Dang said that is what we are looking at now. We are evaluating. We have an ordinance amendment from somebody else that we have worked with the applicant on. What I anticipate will happen is we will be presenting to you their zoning ordinance amendment for you to make a motion in November. In December, you will hear it at a public hearing, and it will go to City Council in January. That would have been for the item that we thought would have come to you in November, which was regarding R-8 setbacks. I mentioned it at the last meeting during the discussion on upcoming items. We have had to bump that. We have discussed it with that applicant and told them what we found out and what, procedurally, we are going to do. We are working through that process. On November 13, I anticipate I will be presenting to you that and possibly other staff-generated or -initiated ordinance amendments that we would eventually like to bring forward to you.

Councilmember Dent said it does sound like it will take two months; us requesting staff for staff's recommendation and then staff comes back the next time. You can recommend that we request something, which is what you are doing now.

Ms. Dang said correct. In this case, we have already prepared the amendments. In the future, it might be really early in the discussion, but we have not done the research yet. We might come to you and say that we want to work on an amendment on x-topic. We have not worked out the details, yet, but we have recognized we need to clarify things in the Zoning Ordinance, or this other issue has come up. Let us initiate and we will do the research. Then you may not hear from us for several months after that.

Councilmember Dent said in response to this you will back chain a bit, in some cases, to bring our request to you before you do the work.

Ms. Dang said we will do a little bit of work, but getting into the heavy details, we would probably want to present to you to get your motion to approve our work on it.

Councilmember Dent said I want to look again at the various ways that it can be brought forward. A resolution of the governing body which means City Council.

Ms. Dang said there might be an instance where you are at City Council meeting where they are talking about a topic such as the cash proffer situation. The councilmembers may decide to pass a resolution instead of referring it back to Planning Commission. That could be an option.

Councilmember Dent said we have done ordinances without coming to Planning Commission.

Chair Baugh said not in the subject matter.

Ms. Dang said other ordinances in the City Code do not have to go to Planning Commission, but anything related to the Zoning Ordinance does.

Chair Baugh said my recollection is that some of the sign stuff feels like it ought to be Planning Commission, but it is not. Some of that gets acted on by City Council.

Ms. Dang said something that happened in 2020 was that the Sign Ordinance moved from the Building Code to the Zoning Ordinance. You may be remembering from a time before when it did not go before Planning Commission.

Vice Chair Porter said for the benefit of the public, if they wanted to initiate a zoning ordinance amendment would you recommend them still going through staff before reaching out to City Council or Planning Commission to initiate that process?

Ms. Dang said community members are always welcome to reach out to you, as Planning Commissioners, or to City Council. I would encourage them to reach out to staff, and we will start working with them and start brainstorming what they are trying to achieve and our thoughts on it before we work with them with on getting into the details of the ordinance.

Councilmember Dent said I will not be here in November when it comes back as an Ordinance amendment. It seems like we will have a quorum.

Chair Baugh asked if there were any more questions for staff. Hearing none, he noted that this was not a public hearing and opened the matter for further discussion. Staff has provided, on page 2 of their memorandum, suggested language for a motion.

Vice Chair Porter said as I have stated in the October 8 meeting, I think that is a wise move by staff to bring this forward. I believe very strongly that this type of facility needs further vetting, especially something that is by-right, right now, but does deserve consideration for the same reasons I listed in the previous meeting. I have some concerns with discharge protocols and its impact on the community that I think need to be addressed. I would very much support moving forward with the motion.

Commissioner Jezior asked, now as it stands it would not be required for a special use permit, it would just be by right?

Ms. Dang said that is correct.

Vice Chair Porter moved that the Planning Commission initiate consideration the zoning ordinance amendment to the City of Harrisonburg Zoning Ordinance to amend provisions related to inpatient substance abuse disorder treatment facilities, hospitals and other related items. The Planning

**Planning Commission**    **Meeting Minutes - Final**    **October 30, 2025**

Commission finds that such amendments are required by the public necessity, convenience, general welfare and good zoning practice and hereby directs the staff to prepare a draft ordinance for public hearings and recommendations in accordance with Section 15.2-2286 of the Code of Virginia.

Councilmember Dent seconded the motion.

Chair Baugh called for a roll call vote.

| | |
|---|---|
| Commissioner Seitz | Aye |
| Councilmember Dent | Aye |
| Commissioner Jezior | Aye |
| Vice Chair Porter | Aye |
| Chair Baugh | Aye |

The motion to initiate consideration of a zoning ordinance amendment passed (5-0).

Ms. Dang said there will not be a site tour in November because the ordinance amendment is the only item on the agenda.

**A motion was made by Porter, seconded by City Council Representative Dent, that this Action Item be approved. The motion carried with a recorded roll call vote taken as follows:**

**Yes:**  5 -  Baugh, City Council Representative Dent, Porter, Seitz and Jezior

**No:**  0

**Absent:**  2 -  Alsindi and Kettler

## 4.    Adjourment

The meeting adjourned at 6:12 p.m.

NOTE TO THE PUBLIC

Staff will be available at 4:00 p.m. on the Wednesday before the next Planning Commission meeting for those interested in going on a field trip to view the sites on the next agenda.

INTERPRETATION SERVICES

Language interpretation service in Spanish, Arabic and Kurdish is available for Planning Commission meetings. To ensure that interpreters are available at the meeting, interested persons must request the accommodation at least four (4) calendar days in advance of the meeting by contacting the City Clerk at (540) 432-7701 or by submitting a request online at: www.harrisonburgva.gov/interpreter-request-form

El servicio de intérpretes inglés-español está disponible para las reuniones públicas de la Comisión de Planificación. Para asegurar la disponibilidad de intérpretes, cualquier interesado deberá solicitar la presencia de un intérprete al menos cuatro (4) días calendarios antes de la reunión comunicándose con la Secretaría Municipal al (540) 432-7701 o por medio de la página por internet al:

https://www.harrisonburgva.gov/interpreter-request-form

NOTE TO THE PUBLIC

Residents/Media will be able to attend the meeting; however, no public comment will be received.

The Public can also view the meeting live on:

- The City's website, https://harrisonburg-va.legistar.com/Calendar.aspx
- Public Education Government Channel 3 and Channel 1084



October 30, 2025 Planning Commission Special Meeting

**Title**
Consider initiating Zoning Ordinance amendments related to Inpatient Substance Use Disorder Treatment Facilities, Hospitals, and Other Related Terms — Thanh Dang, Community Development

**Summary**
Staff requests Planning Commission initiate consideration of Zoning Ordinance amendments related to inpatient substance use disorder treatment facilities, hospitals, and other related terms.

**Recommendation**
Option 1. Motion to direct staff to prepare a draft ordinance for public hearing and recommendation related to inpatient substance use disorder treatment facility, hospitals, and other related terms.

**Fiscal Impact**
N/A

**Context & Analysis**
On October 8, 2025, Planning Commission held a public hearing to consider Zoning Ordinance (ZO) amendments associated with inpatient substance use disorder treatment facilities, hospitals, and other related terms. Planning Commission recommended approval (6-0) of the ZO amendments. The staff report and recommended amendments is available here: https://harrisonburg-va.legistar.com/LegislationDetail.aspx?ID=7688578&GUID=31401E15-FE18-44A3-9FCD-2370ADD9DE64&Options=&Search=.

Within the October 8 staff report, it was explained that a building permit application had been filed for an inpatient substance use disorder facility on property zoned R-3. Because the use is currently allowed by right, the applicant may gain vested rights to operate, making the facility a lawful nonconforming use if the ordinance amendment was adopted. Remember that a nonconforming use may continue to operate, but any future expansion of the facility would require a special use permit.

On October 13, 2025, an attorney representing the aforementioned property owner sent a letter to city staff describing that the City failed to follow necessary procedural requirements in accordance with § 15.2-2286(A)(7) of the Code of Virginia, which requires, among other things, that ZO amendments and rezonings: "*be initiated (i) by resolution of the governing body; (ii) by motion of the local planning commission; or (iii) by petition of the owner, contract purchaser with the*

*owner's written consent, or the owner's agent therefor, of the property which is the subject of the proposed zoning map amendment.*"

The proposed ZO amendment related to inpatient substance use disorder facilities was not initiated by any of the aforementioned methods but was initiated by city staff because staff was previously unaware of the requirement described in § 15.2-2286(A)(7). Now that staff is aware, staff is bringing a request to Planning Commission to direct staff to initiate consideration of a ZO amendment to amend provisions of the ordinance related to inpatient substance use disorder treatment facilities, hospitals, and other related terms.

Should Planning Commission agree to direct staff to initiate consideration of a ZO amendment, then the following motion may be stated:

> *I move that the Planning Commission initiate consideration of a zoning ordinance amendment to the City of Harrisonburg Zoning Ordinance to amend provisions relating to inpatient substance use disorder treatment facilities, hospitals, and other related terms.*
>
> *The Planning Commission finds that such amendment is required by the public necessity, convenience, general welfare, and good zoning practice, and hereby directs staff to prepare a draft ordinance for public hearing and recommendation in accordance with § 15.2-2286 of the Code of Virginia.*

Following this motion, staff will prepare for a public hearing at the Planning Commission's November 13, 2025, meeting.

With regard to past ZO amendments, which have been approved by City Council, the City Attorney's Office has advised that the 30-day appeal period for those ZO amendments, which is described in § 15.2-2285(F) of the Code of Virginia has already expired and therefore do not require any procedural corrections.

**Options**
1. Motion to direct staff to prepare a draft ordinance for public hearing and recommendation related to inpatient substance use disorder treatment facility, hospitals, and other related terms.
2. Motion to direct staff not to proceed with preparing a draft ordinance amendment.

Note that if no motion is made, then staff cannot initiate a consideration of a ZO amendment.

**Attachments**
- None