UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

MSRC Harrisonburg RE LLC, et al,    )
   )
    *Plaintiffs*    )
   )
v.    )    Civil Action No.:  5:26-cv-14
   )
CITY OF HARRISONBURG,    )
VIRGINIA, et al,    )
   )
    *Defendants*    )

**ANSWER**

Defendant, City of Harrisonburg, Virginia, by counsel, files this Answer to the Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.  Defendant denies that it has expressed that a facility of the scope and scale contemplated by Plaintiffs is needed to serve the needs of city residents.

2. Defendant denies paragraphs 2, 3, 4, and 5.

3. Upon information and belief paragraphs 6 and 7 are admitted.

4. Defendant admits paragraphs 8, 9, 10, and 11.

5. Paragraphs 12, 13, 14, and 15 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

6. Defendant lacks sufficient information to admit the allegations in paragraphs 16, 17, 18, and 19, and therefore denies them.

7. Defendant denies paragraphs 20, 21, and 22, as alleged.

8. Defendant admits paragraph 23.

Timberlake**Smith**
Staunton, VA
540.885.1517

9. Defendant denies paragraphs 24, 25, 26, 27, 28, 29, and 30. Defendant denies communications with "MSRC" as alleged and denies any allegations that are inconsistent with the documents in Exhibit A which speak for themselves.

10. Defendant denies paragraph 31. Defendants deny any allegations that are inconsistent with document in Exhibit B which speaks for itself.

11. Defendant denies paragraph 32. Defendant denies any communication with "MSRC" as alleged and denies any allegations inconsistent with Exhibit C which speaks for itself. Defendant expressly denies that Exhibit C vested rights in Plaintiffs who did not own the subject property at the time and would not for more than a year.

12. Defendant denies paragraph 33.

13. With regard to paragraphs 34 and 35, Defendants admits that the information on the website speaks for itself and denies any allegations inconsistent therewith.

14. Paragraph 36 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

15. Defendant denies paragraph 37.

16. Defendant is without sufficient information to admit the allegations in paragraphs 38 and 39 and therefore denies same. Defendant admits that MSRC ultimately acquired the property on August 6, 2025.

17. Defendant admits paragraph 40.

18. With respect to paragraph 41, Defendant admits that on September 15, 2025, MSRC submitted a renovation/building alteration permit application proposing a change of use. Defendant denies any remaining allegations.

TimberlakeSmith
Staunton, VA
540.885.1517

19.     With respect to paragraph 42, Defendant admits only that MSRC was informed that a zoning amendment was being considered.  Defendant asserts that Exhibit D speaks for itself and denies any allegations inconsistent therewith and denies that Plaintiffs had a vested right.

20.     With respect to paragraphs 43, 44, and 45, Defendant admits that Exhibit E speaks for itself and denies any allegations inconsistent therewith.

21.     With respect to paragraphs 46, 47, 48 and 49, Defendant admits that Exhibit F speaks for itself and denies any allegations inconsistent therewith.

22.     With respect to paragraph 50, Defendant admits that Exhibit G speaks for itself and denies any allegations inconsistent therewith.

23.     Defendant admits paragraph 51.

24.     With respect to paragraphs 52 and 53, Defendant admits that Exhibit H speaks for itself and denies any allegations inconsistent therewith.

25.     Defendant denies paragraph 54.

26.     With respect to paragraphs 55, 56, 57, and 58, Defendant admits that Exhibit I speaks for itself and denies any allegations inconsistent therewith.

27.     With respect to paragraphs 59 and 60, Defendant admits that Exhibit J speaks for itself and denies any allegations inconsistent therewith.

28.     Defendant denies paragraph 61 as alleged.

29.     With respect to paragraph 62, Defendant admits only that MSRC submitted a architectural site plan on December 4, 2025, which was not accepted. MSRC did not pay the application fee. Defendant denies the remaining allegations in paragraph 62.

30.     Defendant admits paragraph 63.

31.     Defendant denies paragraph 64.

Timberlake**Smith**

Staunton, VA
540.885.1517

32. Defendant denies paragraph 65.

33. Defendant denies paragraph 66. Defendant asserts that its communications speak for themselves and denies any allegations inconsistent therewith.

34. With respect to paragraph 67, Defendant admits only Exhibit N speaks for itself and denies any allegations inconsistent therewith. Defendant denies that receipt of a fee for site plan application after a zoning amendment creates a vested right.

35. Defendant denies paragraph 68. Defendant admits only that Plaintiffs began construction prior to receiving any building permit, including removal of asbestos.

36. Defendant denies paragraphs 69, 70, 71, and 72.

37. Defendant denies paragraphs 73, 74, 75, 76, and 77.

38. In response to paragraph 78, Defendant asserts and incorporates by reference all paragraphs above.

39. Paragraph 79 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

40. Defendant denies paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92.

41. In response to paragraph 93, Defendant asserts and incorporates by reference all paragraphs above.

42. Defendant denies paragraphs 94, 95, 96, 97, 98, and 99.

43. In response to paragraph 100, Defendant asserts and incorporates by reference all paragraphs above.

44. Defendant denies paragraphs 101, 102, 103, 014, 105, 106, 107, 108, 109, and 110.

45. In response to paragraphs 111-120, such claim has been dismissed and no response is required. To the extent a response is required, Defendant denies same.

TimberlakeSmith
Staunton, VA
540.885.1517

46.     In response to paragraph 121, Defendant asserts and incorporates by reference all paragraphs above.

47.     Defendant denies paragraph 122.

48.     Paragraphs 123, 124, 125 assert conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

49.     Defendant denies paragraph 126.

50.     Paragraphs 127, 128, and 129 assert conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

51.     Defendant denies paragraphs 130.

52.     Paragraph 131 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies same.

53.     Defendant denies paragraphs 132, 133, 134, 135, and 136.

54.     In response to paragraph 137, Defendant asserts and incorporates by reference all paragraphs above.

55.     Paragraph 138 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

56.     Defendant denies paragraphs 139.

57.     Paragraph 140 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

58.     Defendant denies paragraphs 141, 142, 143, and 144.

59.     In response to paragraph 145, Defendant asserts and incorporates by reference all paragraphs above.

TimberlakeSmith
Staunton, VA
540.885.1517

60.    Paragraphs 146, 147, and 148 assert conclusions of law to which no response is required. To the extent a response is required, Defendant denies same.

61.    Defendant denies paragraphs 149, 150, 151, 152, 153, 154, and 155.

62.    Defendant denies any allegations not expressly admitted herein.

63.    Plaintiffs fail to state a claim upon which relief can be granted. Without limitation, Plaintiffs lack any cognizable property interest; cannot establish a procedural or substantive due process violation; and fail to plausibly allege discrimination or any violation of the Americans with Disabilities Act, the Fair Housing Act, or the Virginia Fair Housing Law.

64.    Plaintiffs' claims are not ripe and/or are moot. Any procedural due process claim is premature because no violation occurs unless and until the State finally deprives a person of property without adequate process. Plaintiffs had, and continue to have, available administrative and judicial remedies, including appeal to the Board of Zoning Appeals pursuant to Va. Code § 15.2-2311 and certiorari review under § 15.2-2314, which they have not pursued to finality; to the extent such remedies were not timely pursued, the claims are moot.

65.    Plaintiffs lack standing, including third-party standing, because they have not suffered a concrete and particularized injury traceable to Defendant's conduct. Inpatient substance use treatment facilities remain permissible through the City's Special Use Permit process, which Plaintiffs have not pursued, and any alleged injuries to unidentified prospective residents or clients are speculative and not ripe.

66.    Plaintiffs lack any protected property interest or vested right in the proposed use. Zoning verification letters issued to a non-owner confirm zoning classification at a point in time but do not authorize construction, approve a specific development plan, substitute for required permits, or vest development rights.

TimberlakeSmith
Staunton, VA
540.885.1517

67.     Plaintiffs' ADA, FHA, and VFHL claims are barred, in whole or in part, because Plaintiffs have failed to identify any specific qualified individual with a disability or handicapped person within the meaning of those statutes, which exclude individuals currently engaging in the illegal use of controlled substances.

68.     Plaintiffs' claims fail to the extent they rely on any theory of reasonable accommodation because Plaintiffs did not request any specific accommodation, and Defendant had no obligation to grant relief that was not requested.

69.     Defendant asserts that *Burford* abstention applies. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *see also Town of Nags Head v. Toloczko*, 728 F.3d 391 (4th Cir. 2013). This action presents difficult questions of state and local land use law and policy, and federal review would disrupt the Commonwealth's efforts to establish and maintain a coherent regulatory scheme governing zoning and land use. In the alternative, the Court should defer under the doctrine of primary jurisdiction to local administrative bodies responsible for land use determinations.

70.     Adequate state and local remedies were available to Plaintiffs, which Plaintiffs failed to pursue and exhaust.

71.     Defendant is not liable under 42 U.S.C. § 1983 because Plaintiffs have not established that any alleged violation resulted from an official policy, custom, or practice of the City, nor from a final policymaker acting in an unconstitutional manner.

72.     Plaintiffs were afforded all process due under the law. The City provided public notice and hearings in connection with the zoning amendment and provided written notice of appeal rights regarding relevant determinations, thereby satisfying procedural due process.

73.     Defendant's actions were undertaken as legislative functions and are entitled to legislative immunity. The adoption of zoning ordinance amendments reflects facially neutral

TimberlakeSmith
Staunton, VA
540.885.1517

7

legislative judgments made following public process and consideration of legitimate land use objectives.

74. Defendant had legitimate, nondiscriminatory reasons for its actions. The City recognized the need for inpatient substance use treatment services, and its decision to require a Special Use Permit for such facilities reflects a neutral and permissible objective to allow case-by-case evaluation of potential impacts, including compatibility with surrounding uses and community infrastructure.

75. Plaintiffs cannot establish disparate treatment because they have not identified similarly situated comparators treated more favorably under materially similar circumstances.

76. Plaintiffs have not alleged that they applied for, were denied, or were prevented from seeking approval through the Special Use Permit process, nor have they demonstrated that any requested accommodation was necessary or reasonable.

77. Any structural or site conditions at the property result from Plaintiffs' own actions, including work performed under a demolition permit and construction activities undertaken prior to securing all necessary approvals, and not from any action of Defendant.

78. Plaintiffs' claims for declaratory and injunctive relief fail because such remedies are not independent causes of action.

79. Plaintiffs' alleged damages, if any, were caused in whole or in part by intervening and superseding acts or omissions of Plaintiffs and/or third parties.

80. Defendant and its employees acted at all times in good faith and in compliance with applicable federal and state law.

81. Plaintiffs are not entitled to punitive damages under any claim.

82. Plaintiffs failed to mitigate their alleged damages.

TimberlakeSmith
Staunton, VA
540.885.1517

8

83.     Plaintiffs' claimed damages are speculative, not the proximate result of Defendant's conduct, and/or not recoverable as a matter of law.

84.     Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs' own conduct contributed to or caused the circumstances alleged, including proceeding without required permits or approvals, failing to comply with applicable requirements, and/or making material misstatements or omissions to City officials.

85.     Plaintiffs' requests for equitable relief are barred, in whole or in part, because the relief sought is impracticable, would impose undue administrative burdens, would require Defendant to act beyond or contrary to its legal authority, and would necessitate ongoing judicial supervision of discretionary municipal land use functions.

86.     Plaintiffs' requests for equitable relief are further barred because the balance of equities and the public interest weigh against the extraordinary relief sought, which would interfere with the City's lawful zoning, permitting, and public safety responsibilities and undermine the orderly administration of land use regulation.

87.     Defendant asserts, so that it will not be deemed waived, the applicable statute of limitations and laches.

88.     To the extent permitted by applicable law, Defendant seeks recovery of its reasonable attorney's fees and costs as the prevailing party.

89.     Defendant reserves the right to assert such other defenses as may become apparent through the court of discovery and through trial.

WHEREFORE, Defendant requests that this Court dismiss the claims against it, enter final judgment in its favor, and award it such other and further relief as the nature of the case requires, including Defendant's costs and attorneys' fees.

TimberlakeSmith
Staunton, VA
540.885.1517

9

CITY OF HARRISONBURG, VIRGINIA,

By Counsel

By: /s/ *Rosalie P. Fessier*
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant City of Harrisonburg, Virginia
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone:  540/885-1517
fax: 540/885-4537
email:  rfessier@timberlakesmith.com
   bshipley@timberlakesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

   /s/ *Rosalie P. Fessier*
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant City of Harrisonburg, Virginia
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone:  540/885-1517
fax: 540/885-4537
email:  rfessier@timberlakesmith.com
   bshipley@timberlakesmith.com

Timberlake**Smith**
Staunton, VA
540.885.1517

w:\lib\tsdocs\31377\0023\00698214.docx